IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| JORGE PEREZ, *et al.*, ) | |
| ) | Case No. 1:24-mc-00031 |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| HITT CONTRACTING, INC., *et al.*, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION
TO COMPEL AND FOR SANCTIONS**

Despite receiving a properly served Notice of Deposition and Subpoena to Testify, Judgment Debtor Edgar Jimenez failed to produce documents at a properly-noticed deposition scheduled for March 14, 2024, and, ultimately, rescheduled for April 18, 2024 after Mr. Jimenez failed to appear on March 14, 2024.[1]  At no time did Mr. Jimenez object to the content, time, or manner of the properly served Notice of Deposition and Subpoena to Testify.  In fact, Mr. Jimenez repeatedly promised Plaintiffs that he would appear for the March 14 deposition and produce the requested documents but failed to do so.  Further, he failed to produce documents at the rescheduled deposition on April 18, 2024.

Plaintiffs hereby certify that they have attempted in good faith to confer with Mr. Jimenez in effort to obtain the relief requested herein without Court action.  Attached hereto as <u>Exhibit 1</u> is a Certification Pursuant to Local Rule 104.7, and Declaration of Jacqueline Canzoneri ("Canzoneri Decl."), an attorney of record, which establish the facts herein.  Accordingly, Plaintiffs now move for an Order compelling Edgar Jimenez to produce documents on a date no later than 14 days from

---

[1] All dates referenced herein occurred in 2024 unless otherwise noted.

the date of the Court's Order and, further, seek to recover their attorneys' fees and costs incurred in preparing for the deposition scheduled for March 14 and bringing this Motion.

## I. BACKGROUND

### a. Procedural History

On October 17, 2022, Plaintiffs filed the underlying lawsuit in the U.S. District Court for the District of Columbia against four defendants, HITT Contracting, Inc., ("HITT") Brother's Mechanical Inc. ("BMI"), DayCJ Plumbing & Mechanical Inc. ("DayCJ"), and Edgar Jimenez to recover unpaid wages and related damages under the federal Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), the D.C. Minimum Wage Act, D.C. Code §§ 32-1001 *et seq.* ("DCMWA"), and the D.C. Wage Payment and Collection Law, D.C. Code §§ 32-1301 *et seq.* ("DCWPCL") for work performed by Plaintiffs at a new construction site located at 300 M Street, NE, Washington D.C. 20002.

Plaintiffs, HITT, and BMI resolved the claims against HITT and BMI only, which is memorialized in the court-approved settlement agreement, and, at Plaintiffs' request, the U.S. District Court for the District of Columbia dismissed all claims against HITT and BMI. Plaintiffs pursued all claims alleged in the Complaint against the remaining defendants, DayCJ and Edgar Jimenez (collectively, "Defendants"), and obtained Default Judgment against both Defendants in the amount of $25,196.55 ("Judgment") on November 7, 2023. (Docket No. 1.) The Defendants were briefly represented by counsel in the early stages of the litigation before the U.S. District Court for the District of Columbia, but counsel ultimately withdrew on May 26, 2023. Since then, the Defendants have been completely unresponsive to the Court and uncooperative with Plaintiffs' efforts to litigate the case, and, now, to execute on the Judgment.

### b. Facts Relevant to this Motion

Plaintiffs registered the Judgment in this Court on January 24. (*Id.*). To aid in the execution of the Judgment, and as permitted by Federal Rules of Civil Procedure 45 and 69(a)(2), Plaintiffs sought to subpoena and obtain discovery from Mr. Jimenez. On February 20, Mr. Jimenez was served the Notice of Deposition and Subpoena to Testify at a Deposition and Produce Documents ("Subpoena"), which set March 14 at 10:00 a.m. as the return date ("March 14 Deposition"). (Canzoneri Decl. Exhibit 1.) Plaintiffs' counsel also discussed the deposition with Mr. Jimenez, and he confirmed that he would attend. (Canzoneri Decl. at ¶ 3.) Thereafter, counsel e-mailed Mr. Jimenez a courtesy copy of the Subpoena, to which Mr. Jimenez replied twice, acknowledging receipt. (*Id.* at ¶ 4; Exhibit 2.)

On March 14, the day of the deposition, Defendant Jimenez failed to appear. (Canzoneri Decl. at ¶¶ 8–9). Plaintiffs called and e-mailed Mr. Jimenez at 10:15 a.m. to inquire about his whereabouts and remind him of his duty to appear, but he did not reply. (*Id.* at ¶ 8; Exhibit 2.) Accordingly, Plaintiffs conducted the deposition in abstenia at 10:35 a.m. (Canzoneri Decl. at ¶ 9; Exhibit 6.)

Plaintiffs scheduled a court reporter's attendance and prepared for the March 14 Deposition because Mr. Jimenez was properly served the Subpoena and he repeatedly promised to appear. (Canzoneri Decl. at ¶¶ 6, 7). Plaintiffs' attorney drafted a deposition outline and prepared documents intended to be used as exhibits during the deposition. (*Id.* at ¶ 6). Additionally, Plaintiffs incurred considerable costs associated with court reporter services. (*Id.* at ¶ 7.) In total, Plaintiffs expended $2,234.10, which represents $1,008.00 in attorneys' fees, $616.10 in costs for the court reporting services, and $610.00 in costs for service of process of the Subpoena. (Canzoneri Decl. at ¶ 19; Exhibits 3–5.)

On March 15, Mr. Jimenez came to Plaintiffs' counsel's office without notice. (Canzoneri Decl. at ¶ 10.) Plaintiffs' counsel told Mr. Jimenez that failure to appear for a properly noticed deposition and to produce documents are violations of a court order. (*Id.*) Plaintiffs' counsel provided Mr. Jimenez courtesy copies of the Subpoena and showed him the list of documents requested for production. (*Id.*) Again, Plaintiffs' counsel reiterated Mr. Jimenez's duty to appear for the deposition and to bring the documents requested in the Subpoena; otherwise, counsel would file a motion to compel his compliance. (*Id.*) Mr. Jimenez said he understood. (*Id.*)

Mr. Jimenez and Plaintiffs' counsel mutually agreed to reschedule the deposition for April 18 ("April 18 Deposition") and extend the deadline for production to that same day. (Canzoneri Decl. at ¶ 11.) Plaintiffs e-mailed Mr. Jimenez an updated Notice of Deposition, which reflected the rescheduled time and date. (*Id.*; Exhibit 7.) Plaintiffs also resent a courtesy copy of the Subpoena and explained that it "shows the documents you must bring with you on April 18." (*Id.*; Exhibit 2.)

On April 17, Plaintiffs' counsel confirmed the deposition time and reminded Mr. Jimenez that he will "need to bring the documents identified in the subpoena." (Canzoneri Decl. at ¶ 12; Exhibit 2.) On April 18, Mr. Jimenez appeared for the deposition but did not bring any documents. (Canzoneri Decl. at ¶ 13–14.) Plaintiffs' counsel reviewed the list of requested documents on the record and identified the categories of which Mr. Jimenez retains responsive documents but did not bring with him. (*Id.*; Exhibit 8.). Mr. Jimenez agreed to provide responsive documents within fourteen days of the deposition, which was May 2. (*Id.* at ¶ 14.)

On May 2, Mr. Jimenez asked for an extension to provide the documents; specifically, Mr. Jimenez promised he would send the documents via e-mail "over the weekend" or on Monday, May 6. (Canzoneri Decl. at ¶ 15.) Plaintiffs did not receive any documents from Mr. Jimenez on

4

May 6. (*Id.* at ¶ 16.) Accordingly, on May 7, 8, and 9, Plaintiffs e-mailed Mr. Jimenez regarding the documents, without any response. (*Id.*) Finally, on May 13, 2024, Plaintiffs called Mr. Jimenez in attempt to discuss the outstanding document production, but he would not provide an estimate as to when he would send the documents. (*Id.* at ¶ 17.) Plaintiffs then told Mr. Jimenez that Plaintiffs would file a motion to compel with the Court, to which he replied "okay, that's fine." (*Id.*) As of the date of this Motion, Plaintiffs have not received a single document from Mr. Jimenez. (*Id.* at ¶ 18.)

## II.   ARGUMENT

This Court should order Edgar Jimenez to produce the requested documents identified in the Subpoena and order him to pay the reasonable attorneys' fees and costs that Plaintiffs' counsel incurred while preparing for the March 14 Deposition and filing this Motion.

### A. Plaintiffs Are Entitled to Obtain the Requested Documents.

As a threshold matter, Plaintiffs are entitled to obtain discovery from Mr. Jimenez for the purpose of determining what assets he owns and how they may be collected upon. Fed. R. Civ. P. 69(a)(2) ("[i]n aid of the judgment or execution, the judgment creditor . . . may obtain discovery from any person—including the judgment debtor—as provided in these rules or by the procedure of the state where the court is located"); *Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc.*, 43 F.3d 922, 929 (4th Cir. 1995) (the scope and conduct of discovery are within the sound discretion of the district court, and the court has broad discretion in whether to grant or deny a motion to compel). The Court may grant a motion to compel to facilitate the execution of a prior judgment. *See Plumbers Loc. Union No. 5 of the United Ass'n of Journeymen & Apprentices of the Plumbing & Pipefitting Indus. of the U.S. & Canada, AFL-CIO v. Conditioned Air Sys., Inc.*, 2014 WL 4662468, at *2 (D. Md. Sept. 16, 2014); *see also Travelers Indem. Co. of Ill. v. Hash*

*Mgmt., Inc.*, 173 F.R.D. 150, 154 (M.D.N.C. 1997) (explaining federal courts have authority to enforce discovery requests based on registered judgments).

Presumption is in favor of full discovery of any matters arguably related to creditor's efforts to trace debtor's assets and otherwise enforce its judgment. *E.I. DuPont de Nemours & Co. v. Kolon Indus., Inc.*, 286 F.R.D. 288, 291 (E.D. Va. 2012); *Victor Stanley, Inc. v. SCH Enters., LLC*, No. RDB-06-2662, 2023 WL 2571516, at *3 (D. Md. Mar. 20, 2023) ("[t]his rule 'entitles a judgment creditor to utilize the full panoply of federal discovery measures' to 'discover hidden or concealed assets of the judgment debtor'") (quoting *Am. Synthetic Fibers, LLC v. Nevown, Inc.*, No. 6:08-3875-HFF, 2010 WL 11530990, at *3 (D.S.C. Aug. 6, 2010)); *Republic of Arg. v. NML Cap., Ltd.*, 573 U.S. 134, 138 (2014) ("[t]he rules governing discovery in post judgment execution proceedings are quite permissive"). Production of the documents identified in the Subpoena are necessary for Plaintiffs to ascertain Mr. Jimenez's assets and enforce the Judgment against him in the State of Maryland. Moreover, Mr. Jimenez has been completely absent from the litigation, so Plaintiffs have not had the opportunity to otherwise discover any information regarding Mr. Jimenez. Therefore, the production of documents is essential for Plaintiffs to enforce and execute the Judgment.

Accordingly, Plaintiffs respectfully request this Court issue an Order compelling Mr. Jimenez to produce the documents identified in the Subpoena.

B. <u>Plaintiffs are Entitled to Reasonable Attorneys' Fees and Costs Based on Mr. Jimenez's Failure to Appear at the Properly Noticed March 14 Deposition</u>.

The failure to satisfy a party's discovery obligations will result in sanctions pursuant to Rule 37(d). For relief, the Court may make such orders in regard to failure to provide discovery as are just, as well as any of the sanctions specifically identified in Rule 37(b)(2)(A), (B), and (C). *See, e.g.*, *Gardner v. AMF Bowling Centers, Inc.*, 271 F. Supp. 2d 732 (D. Md. 2003). In addition,

the Court may order the violative party to pay reasonable expenses including attorneys' fees caused by their failure to comply with the Federal Rules of Civil Procedure.  Fed. R. Civ. P. 37(d).

Notably, Rule 37(d) creates a presumption that monetary sanctions will be ordered.  Fed. R. Civ. P. 37(d)(3) ("the court must require the party failing to act . . . to pay the reasonable expenses, including attorney's fees, caused by the failure . . ."); *Bosworth v. Record Data of Md., Inc.*, 102 F.R.D. 518, 520 (D. Md. 1984) (Rule 37(d) "places an obligation on the Court to impose sanctions unless there is an affirmative reason for not so doing"); *Gordon v. New England Tractor Trailer Training Sch.*, 168 F.R.D. 178, 181 (D. Md. 1996) (finding failure to appear unjustified when plaintiff's reason for failing to appear and notifying opposing counsel was a work emergency).

Here, Mr. Jimenez was served the Subpoena twenty-three days before the return date, which far exceeds the minimum fourteen-day requirement, established by the Maryland Local Rule L.R. App. A, D and Federal Rules of Civil Procedure 30(b)(1).  What is more, is Mr. Jimenez himself acknowledged receipt of the Subpoena and repeatedly told Plaintiffs he would attend.  Relying on his representations, Plaintiffs' counsel understood he would appear on March 14 and Plaintiffs' counsel prepared as such.

In summary, Mr. Jimenez had proper and adequate notice of the March 14 Deposition and the Subpoena yet failed to appear and produce the requested documents.  Surely, Plaintiffs' expenses could have been avoided with Mr. Jimenez's cooperation and candor.  Accordingly, the Court must impose sanctions on Mr. Jimenez under Rule 37 in order to "deter future misconduct during discovery." *Gordon*, 168 F.R.D. at 180; *Wilson v. Volkswagen of Am., Inc.*, 561 F.2d 494, 505 (4th Cir. 1977), *cert. denied*, 434 U.S. 1020 (1978).

### III. CONCLUSION

For the reasons stated above, Plaintiffs' respectfully request the Court (a) order Edgar Jimenez to pay $2,234.10, constituting the reasonable attorneys' fees and costs Plaintiffs' counsel incurred in preparing for the March 14 Deposition and filing this Motion; and (b) order Edgar Jimenez to produce the documents identified in the Subpoena, on a date within 14 days of the Court's Order on this Motion.

Respectfully submitted,

Dated: June 26, 2024          By:   /s Jacqueline C. Canzoneri
                                    Jacqueline C. Canzoneri (Bar No. 22080)
                                    O'DONOGHUE & O'DONOGHUE LLP
                                    5301 Wisconsin Ave., N.W., Suite 800
                                    Washington, D.C. 20015
                                    jcanzoneri@odonoghuelaw.com
                                    Telephone No.: (202) 362-0041
                                    Facsimile No.: (202) 362-2640
                                    *Attorney for Plaintiffs*