IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| JORGE PEREZ, *et al.*, ) | |
| ) | Case No. 1:24-mc-00031 |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| HITT CONTRACTING, INC., *et al.*, ) | |
| ) | |
| Defendant. ) | |

**DECLARATION OF JACQUELINE CANZONERI &
CERTIFICATION PURSUANT TO LOCAL RULE 104. 7**

I, Jacqueline Canzoneri, of O'Donoghue & O'Donoghue LLP, counsel of record for Plaintiffs, hereby certify, declare and verify under penalty of perjury pursuant to 28 U.S.C. § 1746 the following:

1. I am an associate with the law firm of O'Donoghue & O'Donoghue LLP. I am over the age of 18 and competent to testify to the facts contained in this Declaration.

2. On February 12, 2024, I retained a private process server to serve the Notice of Deposition and Subpoena to Testify at a Deposition and Produce Documents ("Subpoena") on Judgment Debtor Edgar Jimenez, which had a return date of March 14, 2024 at 10:00 a.m. ("March 14 Deposition"). Attached hereto as Exhibit 1 is a copy of the Subpoena.

3. On February 15, 2024, Mr. Jimenez called my office to speak with me and we discussed the March 14 Deposition. Mr. Jimenez confirmed he would attend.

4. On February 19, 2024, I e-mailed Mr. Jimenez a courtesy copy of the Subpoena. He replied twice confirming receipt. Attached hereto as Exhibit 2 is an e-mail thread between Mr. Jimenez, me, and my colleague, Andrew Costa-Kelser.[1]

---

[1] The portions of the e-mail chain that are redacted relate to Plaintiffs' judgment enforcement in a different jurisdiction against DayCJ Plumbing & Mechanical Inc. and Edgar Jimenez.

5. On February 20, 2024, Mr. Jimenez was served the Subpoena. Attached hereto as <u>Exhibit 3</u> is the Affidavit of Service and invoice from Capitol Process Services, Inc.

6. To prepare for the March 14 Deposition, I drafted a deposition outline, performed legal research, and prepared documents intended to be exhibits during the deposition. Attached hereto as <u>Exhibit 4</u> is a chart detailing the attorney time expended by the firm.

7. Additionally, I retained a court reporter to appear. Attached hereto as <u>Exhibit 5</u> is a copy of the court reporter's invoice.

8. On March 14, 2024 at 10:15 a.m., Mr. Jimenez had not appeared, so I e-mailed him to inquire about his whereabouts and warned that if he fails to appear "we'll submit the transcript as part of our motion to the Court." *See* <u>Exhibit 2</u>. In addition, my colleague Andrew Costa-Kelser called Mr. Jimenez, but there was no answer.

9. On March 14, 2024 at 10:35 a.m., Mr. Jimenez had not appeared nor responded to our e-mail or telephone call; therefore, I commenced the deposition in abstentia. Attached hereto as <u>Exhibit 6</u> is the transcript of the March 14 Deposition.

10. On March 15, 2024, Mr. Jimenez arrived at my office without warning. Mr. Jimenez acknowledged that he did not appear for the March 14 Deposition. Mr. Jimenez did not bring any documents responsive to the Subpoena. I advised Mr. Jimenez that failure to appear for a properly noticed deposition and failure to produce the requested documents was a violation of a court order. I printed out a copy of the Subpoena, sat with Mr. Jimenez, and showed him the list of documents in the Subpoena that he needed to produce. I stated that I would file a motion with the court regarding his failure to comply with the Subpoena. He told me that he understood.

11. Thereafter, Mr. Jimenez and I mutually agreed to reschedule the deposition for April 18, 2024 ("April 18 Deposition") and to extend the deadline for production to that same day. *See* Exhibit 2. In that e-mail correspondence, I provided an updated Notice of Deposition, attached hereto as Exhibit 7, which reflected the rescheduled time and date, and another copy of the Subpoena and explained that it "shows the documents you must bring with you on April 18." *See* Exhibit 2.

12. On April 17, 2024, I reminded Mr. Jimenez that he will "need to bring the documents identified in the subpoena" to the April 18 Deposition. *See* Exhibit 2.

13. On April 18, 2024, Mr. Jimenez appeared but did not bring any documents. Attached hereto as Exhibit 8 is an excerpt from the April 18 Deposition transcript. Mr. Jimenez admitted that he knew that he was required to bring the documents identified in the Subpoena but did not bring any documents with him. *See* Exhibit 8 at p. 22-23.

14. Plaintiffs' counsel reviewed the list of requested documents on the record and identified the documents Mr. Jimenez retains but did not bring with him. *Id.* at 23-24. I warned Mr. Jimenez that "if we don't receive those documents within 14 days of today, we're going to file a motion with the court, notifying them of your failure to produce those." *Id.* at 24. Mr. Jimenez agreed to provide responsive documents within fourteen days of the April 18 Deposition, which is May 2, 2024. *Id.* at p. 24-25.

15. On May 2, 2024, Mr. Jimenez called me and asked for an extension to provide the documents; specifically, Mr. Jimenez promised he would send the documents via e-mail over the weekend or on Monday, May 6, 2024. Attached hereto as Exhibit 9 is an e-mail

3

thread between me and Mr. Jimenez.[2] I told Mr. Jimenez that if he did not provide the documents by May 6, 2024 I would file a motion to compel with the Court.

16. Plaintiffs did not receive any documents from Mr. Jimenez on May 6, 2024. Accordingly, on May 7, 2024, May 8, 2024 and May 9, 2024, I e-mailed Mr. Jimenez regarding the documents to attempt to resolve this issue but I did not receive any response. *Id.*

17. On May 13, 2024, I called Mr. Jimenez in attempt to discuss the outstanding document production. I asked him about the status of document production, and he acknowledged that he has not sent any documents to the Plaintiffs and would not provide an estimate as to when he would send it. I told Mr. Jimenez that I would file a motion to compel with the Court, and he said "okay, that's fine."

18. As of the date of this Declaration, Plaintiffs have not received a single document from Mr. Jimenez.

19. A total of $1,008.00 in attorney's fees were incurred for the preparation of the March 14 Deposition and filing Plaintiffs' Motion to Compel and for Sanctions. This amount has been reduced to reflect the firm's billing judgment and to remove unproductive, excessive, or redundant hours. *See* Exhibit 4.

Dated: June 26, 2024                                /s/ Jacqueline Canzoneri
                                                    Jacqueline Canzoneri

---

[2] The portions of the e-mail chain that are redacted relate to Plaintiffs' judgment enforcement in a different jurisdiction against DayCJ Plumbing & Mechanical Inc. and Edgar Jimenez.