IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| JORGE PEREZ ET AL., | * |
| Plaintiffs, | * |
| v. | * Case No. 1:24-mc-00031-BAH |
| HITT CONTRACTING, INC., ET AL., | * |
| Defendants. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## **MEMORANDUM OPINION**

Plaintiffs Jorge Perez, Alejandra Torres, and Arys Solano (collectively, "Plaintiffs") filed suit in the United States District Court for the District of Columbia. against HITT Contracting, Inc. ("HITT"), Brother's Mechanical, Inc. ("BMI"), DayCJ Plumbing & Mechanical Inc. ("DayCJ"), and Edgar Jimenez to recover unpaid wages and related damages for work performed by Plaintiffs. ECF 1. After the entry of judgment in the amount of $25,196.55 in favor of Plaintiffs and against Defendants DayCJ and Jimenez (collectively, "Defendants"),[1] Plaintiffs registered that judgment here. *See* ECF 1. Pending before the Court is Plaintiffs' motion to compel and for sanctions (the "Motion"). ECF 18. Defendant Jimenez did not file a response. Plaintiffs' Motion includes a memorandum of law and exhibits.[2] The Court has reviewed all relevant filings and finds that no

---

[1] Plaintiffs had settled with HITT and BMI. *See* ECF 18-1, at 2.

[2] The Court references all filings by their respective ECF numbers and page numbers by the ECF-generated page numbers at the top of the page.

hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). Accordingly, for the reasons stated below, Plaintiffs' Motion is **GRANTED IN PART AND DENIED IN PART**.[3]

## I. BACKGROUND

As noted, the Motion arises out of Plaintiffs' litigation efforts to recover lost wages. Specifically, the Motion concerns Jimenez's failure to appear to testify at a deposition and produce documents in response to Plaintiffs' subpoena to enforce a judgment. ECF 18-1, at 3.

On October 17, 2022, Plaintiffs filed suit in the U.S. District Court for the District of Columbia against defendants HITT, BMI, DayCJ, and Jimenez to recover unpaid wages and related damages under the federal Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 et seq., the D.C. Minimum Wage Act, D.C. Code §§ 32-1001 et seq., and the D.C. Wage Payment and Collection Law, D.C. Code §§ 32-1301 et seq., for work performed by Plaintiffs. *Id.* at 2. Plaintiffs, HITT, and BMI reached a settlement agreement on the claims against HITT and BMI. *Id.* The U.S. District Court for the District of Columbia dismissed all claims against HITT and BMI. *Id.* Thereafter, Plaintiffs continued to pursue the claims alleged in the complaint against the remaining defendants, DayCJ and Jimenez. *Id.*

On November 7, 2023, the U.S. District Court for the District of Columbia issued a default judgment against DayCJ and Jimenez in the amount of $25,196.55. *Id.*; *see also* ECF 1-2. On January 24, 2024, Plaintiffs registered that judgment in this Court. ECF 1. Plaintiffs then sought to subpoena and obtain specified documents detailing Jimenez's financial assets for the purpose of enforcing the judgment pursuant to Federal Rules of Civil Procedure 45 and 69(a)(2). ECF 18-1, at 3; ECF 18-3, at 2–9. Plaintiffs provided certification that on February 20, 2024, Jimenez was properly served the Notice of Deposition and Subpoena to Testify at a Deposition and Produce

---

[3] The Motion is denied only to the extent that Plaintiffs seek recovery of costs for service of process.

Documents (hereinafter, the "Subpoena"). ECF 18-3, at 19. The Subpoena set March 14, 2024, at 10:00 a.m. as the deposition date and deadline for document production. ECF 18-3, at 7.

In their Motion, Plaintiffs argue that Jimenez repeatedly failed to comply with and respond to the Subpoena, and, as a result, has effectively prevented the discovery necessary to enforce the judgment.[4] ECF 18-1, at 1–2. Furthermore, Plaintiffs state that Jimenez repeatedly promised Plaintiffs that he would appear for the deposition scheduled on March 14, but failed to do so. *Id.* at 1. He also did not provide any objections to the content, time, or manner of the Subpoena. *Id.* Jimenez confirmed with Plaintiffs' counsel over email that he received a copy of the Subpoena and that he would attend the March 14 deposition. ECF 18-3, at 16–17. Thereafter, Plaintiffs' counsel prepared for the deposition and paid $616.10 for court reporting services and $610.00 for service of process of the Subpoena. ECF 18-2, at 4 ¶ 19; ECF 18-3, at 20, 22, 24.

Jimenez failed to appear at the March 14 deposition at 10:00 a.m. ECF 18-2, at 2 ¶ 8. He also failed to respond to counsel's calls and emails to him at 10:15 a.m. *Id.* Plaintiffs' counsel conducted the deposition in abstenia at 10:35 a.m. that day. *Id.* ¶ 9. On March 15, Jimenez appeared without notice at Plaintiffs' counsel's office. *Id.* ¶ 10. Plaintiffs' counsel again provided Jimenez a copy of the Subpoena and showed him the list of documents requested for production. *Id.* Plaintiffs' counsel also reiterated that Jimenez had a duty to appear for the deposition and to produce the requested documents; if he failed to do so, Plaintiffs' counsel would file a motion to

---

[4] Plaintiffs assert that "Defendants were briefly represented by counsel in the early stages of the litigation before the U.S. District Court for the District of Columbia, but counsel ultimately withdrew on May 26, 2023." ECF 18-1, at 2–3. Plaintiffs further assert that since Defendants' withdrawal of counsel, "Defendants have been completely unresponsive to the Court and uncooperative with Plaintiffs' efforts to litigate the case, and now, to execute on the Judgment." *Id.* at 3.

compel his compliance. *Id.* Jimenez said he understood. *Id.* The parties agreed to reschedule the deposition and deadline for document production for April 18. *Id.* at 3 ¶ 11.

On April 17, Plaintiffs' counsel confirmed the deposition time and reminded Jimenez that he would "need to bring the documents identified in the subpoena." *Id.* ¶ 12; ECF 18-3, at 2–9. On April 18, Jimenez appeared for the deposition but did not bring any documents. ECF 18-2, at 3 ¶ 13. Jimenez agreed to provide the documents within fourteen days of the deposition, which was May 2. *Id.* ¶ 14.

On May 2, Jimenez asked Plaintiffs' counsel for an extension until May 6 to provide the documents. *Id.* at 3–4 ¶ 15. Plaintiffs' counsel did not receive any documents from Jimenez on May 6. *Id.* at 4 ¶ 16. On May 7, 8, and 9, Plaintiffs' counsel emailed Jimenez regarding the documents but did not receive a response. *Id.* Finally, on May 13, 2024, Plaintiffs' counsel called Jimenez in an attempt to discuss the outstanding document production, but he would not provide an estimate as to when he would produce the documents. *Id.* ¶ 17. Plaintiffs' counsel told Jimenez that Plaintiffs would file a motion to compel. *Id.* As of the date of the Motion, Plaintiffs assert that they have not received a single document from Jimenez. *Id.* ¶ 18.

Plaintiffs seek to compel the production of documents from Jimenez and to recover attorneys' fees and costs associated with filing the Motion and with Jimenez's missed March 14 deposition. *See* ECF 18-1, at 5–8.

## II. **LEGAL STANDARD**

Under Rule 69(a)(2), "[i]n aid of [a] judgment or execution, the judgment creditor . . . may obtain discovery from any person—including the judgment debtor—as provided in [the Federal Rules] or by the procedure of the state where the court is located." Fed. R. Civ. P. 69(a)(2). While a party generally has thirty days from the date of service of requests for production of documents to respond, Fed. R. Civ. P. 34(b)(2)(A), the requesting party may also ask that the "party deponent"

4

"produce documents and tangible things at the deposition." Fed. R. Civ. P. 30(b)(2). A party requesting discovery to aid the enforcement of a judgment may move to compel a response from the opposing party if it fails to provide a response.[5] Fed. R. Civ. P. 37(a)(3)(B)(iv); *McFeeley v. Jackson St. Ent., LLC*, Civ. No. DKC 12-1019, 2016 WL 1446780, at *3 (D. Md. Apr. 13, 2016) (granting motion to compel discovery in aid of judgment after defendant's lack of response to plaintiffs' interrogatories). In moving to compel, the movant "must include a certification that [it] has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1).

### III. ANALYSIS

#### A. Plaintiffs are entitled to the documents requested and properly certified that they conferred in good faith with Jimenez before seeking the Court's involvement.

Plaintiffs are entitled to obtain the documents requested from Jimenez to aid execution of the judgment pursuant to Fed. Rs. Civ. P. 69(a)(2) and 37(a)(3)(B)(iv). Plaintiffs assert that they "are entitled to obtain discovery from Mr. Jimenez for the purpose of determining what assets he owns and how they may be collected upon" pursuant to Fed. R. Civ. P. 69(a)(2). ECF 18-1, at 5. This Court agrees. *See Victor Stanley, Inc. v. SCH Enters., LLC*, Civ. No. RDB-06-2662, 2023 WL 2571516, at *3 (D. Md. Mar. 20, 2023) (noting that Rule 69 "entitles a judgment creditor to utilize the full panoply of federal discovery measures" to "discover hidden or concealed assets of the judgment debtor" (quoting *Am. Synthetic Fibers, LLC v. Nevown, Inc.*, No. 6:08-3875-HFF, 2010 WL 11530990 (D.S.C. Aug. 6, 2010))); *see also E.I. DuPont de Nemours and Co. v. Kolon*

---

[5] Plaintiffs noticed Jimenez's deposition pursuant to Fed. Rs. Civ. P. 30(b)(1), 45, and 69(a)(2). *See* ECF 18-3, at 2. Attached to the Subpoena was a request for production of documents, *see id.* at 4, made pursuant to Rule 34, *see* Fed. R. Civ. P. 30(b)(2) ("The notice to a party deponent may be accompanied by a request under Rule 34 to produce documents and tangible things at the deposition.").

*Industries, Inc.*, 286 F.R.D. 288, 291–92 (E.D. Va. 2012) ("[P]ost-verdict discovery in aid of the execution of a judgment can result in a 'very thorough examination of the judgment debtor.'" (quoting *Caisson Corp. v. Cnty. W. Bldg. Corp.*, 62 F.R.D. 331, 335 (E.D. Pa. 1974))).

Here, Plaintiffs personally served the request for production of documents on Jimenez on February 20, 2024, and confirmed receipt via email, expecting Jimenez to produce the documents at the March 14 deposition. *See* ECF 18-3, at 17, 19. Jimenez did not show up to that deposition and did not otherwise produce the documents requested. *See* ECF 18-2, at 2 ¶¶ 9–10. Nor did he produce the documents at the April 18 deposition, or by the May 2 and May 6 extended deadlines. *See id.* at 3–4 ¶¶ 13–16. On May 13, Jimenez acknowledged to Plaintiffs' counsel that he had not produced and documents and failed to provide an estimate as to when he would do so. *Id.* at 4 ¶ 17. Despite these attempts, Jimenez still had not produced the documents or provided a reason for his failure to do so. As of the filing of the Motion in June 2024, Mr. Jimenez still has not produced the documents or provided a reason for his failure to do so. Finally, Plaintiffs' counsel has certified that they have attempted in good faith to resolve the issue and obtain the documents without the Court's involvement numerous times, including over email, telephone, and in-person. *See generally* ECF 18-2. Plaintiffs' accompanying exhibits further confirm that counsel has attempted to confer with Jimenez in good faith. Jimenez has still failed to produce the requested documents, long after they were due to be produced. The Court will therefore order him to do so within twenty-one (21) days.

**B.    Plaintiffs' request for sanctions is generally warranted because Plaintiffs incurred costs filing this Motion and for his failure to appear at the March 14 deposition.**

Plaintiffs' request for sanctions will also be granted in large part. Plaintiffs seek $2,234.10, constituting $1,008.00 in attorneys' fees preparing for the March 14 deposition and filing the instant Motion, as well as $616.10 in costs for court reporting services at the March 14 deposition

6

and $610.00 in costs for service of process of the Subpoena. ECF 18-2, at 4 ¶ 19; ECF 18-3, at 20, 22, 24.

Fed. R. Civ. P. 37(a)(5)(A) provides that if a motion to compel is granted, then "the court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion . . . to pay the movant's reasonable expenses in making the motion." A court may order a party that fails to comply with discovery obligations to pay reasonable expenses caused by their failure to comply with the Federal Rules of Civil Procedure. Fed R. Civ. P. 37(d). Plaintiffs correctly note that they filed this Motion because of Jimenez's failure to respond and cooperate with the discovery obligations, including attending the properly noticed March 14 deposition and producing the requested documents. ECF 18-1, at 7. They are therefore entitled to recover reasonable attorneys' fees and costs.

Plaintiffs request $1,008 in attorneys' fees, representing 3.5 hours of work for counsel's preparation for the March 14 deposition and for the filing of this Motion. *See* ECF 18-2, at 4 ¶ 19; ECF 18-3, at 22. Counsel has exercised billing judgment in arriving at the number of hours worked. ECF 18-2, at 4 ¶ 19. The fees requested are reasonable. When determining whether attorneys' fees are reasonable, "a district court must first determine the lodestar amount (reasonable hourly rate multiplied by hours reasonably expended), applying the *Johnson/Barber* factors when making its lodestar determination." *Grissom v. The Mills Corp.*, 549 F.3d 313, 320–21 (4th Cir. 2008) (citing *Barber v. Kimbrell's Inc.*, 577 F.2d 216, 226 (4th Cir. 1978); *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974), *overruled on other grounds by Blanchard v. Bergeron,* 489 U.S. 87 (1989)). These factors include:

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the

time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

*Barber*, 577 F.2d at 226 n.28; *see also Robinson v. Equifax Info. Servs., LLC*, 560 F.3d 235, 243–44 (4th Cir. 2009). The rates outlined in Appendix B to this Court's Local Rules are presumptively reasonable. *See Duprey v. Scotts Co. LLC*, 30 F. Supp. 3d 404, 412 (D. Md. 2014) (citing *Poole ex rel. Elliott v. Textron, Inc.*, 192 F.R.D. 494, 509 (D. Md. 2000)).

Here, Plaintiffs' counsel seeks compensation at a rate of $288 per hour. *See* ECF 18-3, at 22. While it is not clear from the materials how many years counsel has been barred, the Court takes judicial notice that it appears counsel had about four years of experience at the time of the filing of the Motion. *See Jacqueline Canzoneri*, O'Donoghue & O'Donoghue LLP, https://odonoghuelaw.com/jacqueline-canzoneri/. Under Appendix B, a presumptively reasonable rate would fall within the range of $150–225. While the $288 rate sought is slightly higher than that presumptively reasonable rate, the Court credits the billing judgment counsel represents was exercised in reducing the hours for which counsel seeks fees. The Court therefore finds the $1,008 a reasonable attorneys' fee award here.

As to costs, the Court will award Plaintiffs the $616.10 in costs for court reporting services for the March 14 deposition. However, the Court will not award Plaintiffs costs in the amount of $610.00 for service of process of the Subpoena, as Plaintiffs would have had to pay that cost whether Jimenez appeared at the March 14 deposition or not. Accordingly, Plaintiffs' motion for sanctions is granted in part and denied in part.

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs' motion to compel is **GRANTED** and Plaintiffs' motion for sanctions is **GRANTED IN PART AND DENIED IN PART**.

A separate implementing Order will issue.

Dated: April 11, 2025

/s/
Brendan A. Hurson
United States District Judge